[654 NYS2d 809]

In the Matter of KENT A. DAVY (Admitted as KENT ALLEN DAVY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 10, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Kent A. Davy,* Seoul, Korea, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The petition, dated April 9, 1996, contained two charges of professional misconduct against the respondent. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has not submitted either a cross motion or an affirmation in response to the Grievance Committee's motion.

Charge One alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to comply with the lawful demands of the Grievance Committee in connection with an investigation into allegations of professional misconduct.

By letter dated September 14, 1995, the respondent was advised that the Grievance Committee received a complaint from Simon Pua, alleging professional misconduct by the respondent. The respondent was directed to submit, on or before September 25, 1995, two copies of a written answer to the allegations, a completed attorney information form, and proof that he notified the Office of Court Administration of his change of address. The respondent was advised that his unexcused failure to answer the complaint would constitute professional misconduct. He, nevertheless, failed to answer.

By letter dated October 6, 1995, the respondent was directed to submit to the Grievance Committee, within 10 days, two copies of a written answer to the Pua complaint, a copy of the notification of change of address that he sent to the Office of Court Administration, and his completed attorney information form. The respondent was advised that his failure to do so could result in an application for his immediate suspension. The respondent again failed to answer.

By letter dated November 9, 1995, the respondent was again directed to submit an answer and the previously requested documentation to the Grievance Committee within 10 days. Although he was again advised that his failure to do so could result in an application for his immediate suspension, the respondent failed to answer.

By reason of the foregoing, respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Two alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with the Grievance Committee's lawful demands in connection with its investigation into allegations of professional misconduct based on the allegations set forth in Charge One.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Based on the evidence adduced at the hearing, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining the appropriate measure of discipline to impose, we note the absence of any mitigating circumstances on the respondent's behalf and the pattern of evasiveness and the lack of candor which he exhibited. The respondent has yet to complete and submit the attorney information form which the Grievance Committee has repeatedly requested. In view of these aggravating factors, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Kent A. Davy, is suspended from the practice of law for a period of two years, commencing April 14, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kent A. Davy, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.